13 N.Y.2d 1015 (1963)
In the Matter of the Claim of Maude A. Morrocco, Respondent,
v.
Mohican Stores, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.
Court of Appeals of the State of New York.
Argued October 3, 1963.
Decided November 21, 1963.
Phillip T. Young for appellants.
Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez, Paxton Blair and Daniel Polansky of counsel), for Workmen's Compensation Board, respondent.
No appearance for claimant-respondent.
Concur: Chief Judge DESMOND and Judges DYE, FULD, BURKE, FOSTER and SCILEPPI. Judge VAN VOORHIS dissents in the following opinion:
Order affirmed, with costs to respondent Workmen's Compensation Board.
VAN VOORHIS, J. (dissenting).
Although baker's asthma may well be an occupational disease, this claim is barred by section 40 of the Workmen's Compensation Law which states that neither the employee nor his dependents shall be entitled to compensation for disability or death resulting from disease, unless the disease is "due to the nature of his employment and contracted therein * * * within the twelve months previous to the date of disablement". In this case the undisputed date of disablement was June 16, 1951. The only inference which can be drawn from the evidence is that decedent's condition was caused by 42 years' exposure as a baker to flour dust, and that this condition had reached an irreversible stage more than twelve months previous to the date of disablement. That fact seems to me to be incontestable. Although he had been employed by this employer from 1936 to 1947, he worked for other bakeries between 1947 and 1951. In order to sustain the award it had to be held that his disablement was caused by an additional seven weeks' period of employment by appellant employer between April and June 16, 1951. The necessary conclusion of the board, reversing the Referee, that this disease was contracted during those seven weeks is without substantial evidence to support it. Section 40 of the Workmen's Compensation Law requires this claim to be dismissed.
Order affirmed.